NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50026 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-01279-LAB-1 |
| v. | |
| CRUZ MIGUEL CAZAREZ-CARILLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 5, 2024[**]
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Cruz Miguel Cazarez-Carillo appeals the district court's denial of his motion to suppress. We affirm.

The district court found that Cazarez-Carillo pulled his tractor-trailer over of his own accord and that Agent Braun then stopped and asked if he could conduct a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Panel

search. The parties agree that at that point, Cazarez-Carillo consented to the search. Based on its factual findings, the district court concluded that the entire encounter was consensual, so Cazarez-Carillo's Fourth Amendment rights were not implicated. In the alternative, the district court held that, even if Agent Braun had pulled Cazarez-Carillo over, that seizure would have been supported by reasonable suspicion.

"We review a district court's denial of a motion to suppress de novo. Whether an encounter between a defendant and an officer constitutes a seizure is a mixed question of law and fact that we review de novo. We review the trial court's factual findings, however, for clear error." *United States v. Ramirez*, 976 F.3d 946, 951 (9th Cir. 2020) (quotation marks and citations omitted). We review the district court's credibility determinations for clear error. *United States v. Vasquez*, 858 F.2d 1387, 1391 (9th Cir. 1988).

The district court's finding that Cazarez-Carillo pulled over his tractor-trailer of his own accord before Agent Braun pulled in behind him was not clearly erroneous. Agent Hatton, a radio dispatch officer, made a contemporaneous note that Agent Braun was initiating a consensual encounter. The district court found that Agents Braun and Hatton had no reason to make an inaccurate record and found their testimony to be credible. The district court did not find credible Cazarez-Carillo's contrary testimony, in part because he had lied to agents after

being arrested, and in part because his testimony at the suppression hearing about what had occurred the evening of the encounter was inconsistent and unpersuasive. These credibility determinations were not clearly erroneous.

Taking as true that Agent Braun did not pull over Cazarez-Carillo, there was no Fourth Amendment seizure. And Cazarez-Carillo does not contest that he consented to a search of the tractor-trailer once Agent Braun approached. Cazarez-Carillo's Fourth Amendment rights were therefore not violated. In light of that conclusion, we need not reach Cazarez-Carillo's remaining arguments.

**AFFIRMED.**